FILED
FEB 27 2007
FEB 27 2007
MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS BROWN; | ) |
| | ) 07CV1117 |
| Plaintiff, | ) JUDGE ST EVE |
| | ) MAGISTRATE JUDGE COLE |
| vs. | ) |
| | ) Judge |
| THE CITY OF CHICAGO, | ) Magistrate |
| A Municipal Corporation; and | ) |
| Unknown Chicago Police Officers | ) Jury Demand |
| John Does and Jane Roes 1-10; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of the City of Chicago.

5. Defendant police officers are duly appointed and sworn City of Chicago police officers. At all times material to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about January 11, 2007, Plaintiff was walking at or near 60th and Wood, in the City of Chicago, along with a friend Rickey Bloxton.

-1-

9. Defendant-Officers saw Plaintiff and ordered him to stop.

10. Defendant-Officers approached Plaintiff and grabbed him and pushed him.

11. Plaintiff was placed in handcuffs and handcuffed to his friend Rickey Bloxton.

12. Plaintiff was under arrest and not free to leave.

13. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

14. Plaintiff repeatedly asked what was going on.

15. Defendant-Officers repeatedly ordered Plaintiff: "Shut-your-punk-ass-up-bitch."

16. Defendant-Officers told Plaintiff that they could do whatever the fuck they wanted.

17. Plaintiff was searched after he was handcuffed.

18. Defendant-Officers did not have an search warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to search Plaintiff.

19. Plaintiff again asked why he was stopped.

20. A Defendant-Officer then violently grabbed Plaintiff by his neck causing him to choke.

21. The Defendant-Officers forced Plaintiff against their police car and spread his legs. After that, a Defendant-Officer kicked Plaintiff in his ankles.

22. A Defendant-Officer then smashed Plaintiff's face into the trunk.

23. A Defendant-Officer then grabbed Plaintiff and threw him onto the ground.

24. Defendant-Officers then ran Plaintiff's name.

25. Plaintiff's name came back clear.

26. Then the handcuffs were removed from Plaintiff.

27. As Plaintiff was leaving, he asked a Defendant-Officer for his "tag."

28. The Defendant-Officer responded, "You want to fuck with me?!"

29. The Defendant-Officer then put the handcuffs back on Plaintiff. He put Plaintiff in his police car, and drove away. After a short distance, the Defendant-Officer let Plaintiff go after Plaintiff said he wasn't going to do or say anything else.

30. Plaintiff later experienced back pain arising from this incident, and went to a

hospital for treatment.

31. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

32. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

33. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

34. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

35. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

36. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and

equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

37. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

38. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Person)

39. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

40. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the City of Chicago)

41. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

42. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

   a. stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

   b. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians;

   c. denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

   d. mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

   e. preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

   f. a *code of silence* in which police officers fail to report police misconduct;

   g. said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers;

   h. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed in sub-paragraphs a - e above;

   i. failure to adequately investigate citizen complaints against police officers;

   j. failure to adequately discipline police officers for misconduct;

   k. through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is disciplined in an extremely low number of cases, thereby encouraging even more police misconduct;

43. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

44. One or more of the following entities, authorities and officials are responsible for

-5-

the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the City of Chicago has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

45. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

46. The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

47. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the City of Chicago;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

48. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

49. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of their employment.

50. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from the actions of the Defendant-Officers.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

Lawrence V. Jackowiak
*Attorney for Plaintiff*


Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595
Attorney No. 6231003